UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: ) CHAPTER 7
)
JOHN J. REARDON, )
)
Debtor. ) CASE NO. 05-65634
)
) ADVERSARY NO. 06-6175
ANTHONY J. DEGIROLAMO, )
)
Plaintiff, )
) JUDGE RUSS KENDIG
vs. )
)
JOHN J. REARDON, )
)
) **MEMORANDUM OPINION (NOT**
Defendant. ) **INTENDED FOR PUBLICATION)**

This matter comes before the court upon a motion for summary judgment by Anthony DeGirolamo, the chapter 7 trustee, (hereinafter "Plaintiff") on March 27, 2007. No response to the motion was filed. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS & PARTIES' ARGUMENTS

John J. Reardon (hereinafter "Defendant") filed his chapter 7 bankruptcy petition on

1

September 14, 2005. Pursuant to 11 U.S.C. § 727, Defendant was granted a discharge on December 21, 2005. Subsequently, Plaintiff filed his complaint on October 10, 2006, seeking to revoke the discharge of Defendant pursuant to 11 U.S.C. § 727(d)(3). Plaintiff alleges that, at the meeting of creditors held on October 17, 2005, Defendant disclosed that he was owed a tax refund for tax year 2005. Because Defendant failed to provide Plaintiff with copies of his 2005 tax return in a timely manner, Plaintiff filed a motion for turnover. The court granted the motion for turnover on May 31, 2006 and stated Defendant's 2005 tax refund was property of the estate and that Plaintiff was entitled to copies of Defendant's 2005 tax returns. Further, the court ordered Defendant to immediately turnover his 2005 federal and state tax returns and refunds for the year 2005 to Plaintiff.

On December 5, 2006, Defendant simultaneously filed a motion for leave to file instanter and a motion for extension of time to file answer. Counsel for Defendant indicated that he did not have authority to file the answer prior to the deadline. The court granted these motions on December 7, 2006 and established an answer deadline of December 19, 2006. In his answer, Defendant denied that he refused to turn over the documents and violated a court order.

Plaintiff filed a motion for summary judgment on March 27, 2007. Plaintiff cites 11 U.S.C. section 727(d)(3) and states that summary judgment is appropriate because there is no genuine issue of material fact as to whether Defendant failed to obey the court's order. Attached to the motion for summary judgment is Plaintiff's affidavit, stating that Defendant has failed to comply with the court's order. Defendant did not respond to the motion for summary judgment.

## DISCUSSION

### 1. Summary Judgment Standard

The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56, made applicable through Federal Rule of Bankruptcy Procedure 7056, which provides that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The evidence "must be viewed in the light most favorable" to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a genuine dispute of material fact exists, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

2

The court must first consider the basis for the moving party's motion for summary judgment, as the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any', which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Subsequently, the nonmoving party must demonstrate that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party cannot merely rely on the pleadings or a mere scintilla of evidence to demonstrate the existence of such facts, but instead must specifically set forth evidence sufficient to demonstrate the existence of disputed material facts. Id. at 248. Only facts which could conceivably impact the outcome of the litigation are material. Id.

### 2. 11 U.S.C. § 727(d)(3)

Plaintiff contends that 11 U.S.C. § 727(d)(3) provides a basis for the denial of Defendant's discharge. That provision states, in applicable part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if --
>
> \* \* \* \* \*
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section . . .

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides that:

> (a) The court shall grant the debtor a discharge, unless --
>
> \* \* \* \* \*
>
> (6) the debtor has refused, in the case –
>
> > (A) to obey any lawful order of the court, other than to respond to a material question or to testify . . .

11 U.S.C. § 727(a)(6)(A). See e.g., In re Watson, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

Given the evidence presented in the parties' pleadings and the affidavit accompanying Plaintiff's motion for summary judgment, Plaintiff has shown that Defendant violated a lawful order of the court to turn over his 2005 federal and state tax returns and

3

refunds for the year 2005 to Plaintiff. On May 31, 2006 this court signed the turnover order directing Defendant to turn over his 2005 tax returns and 2005 tax refunds. Notice of the order was provided to Defendant and his attorney on June 2, 2006. Pursuant to Plaintiff's Affidavit, he has not received Defendant's 2005 tax returns and 2005 tax refunds. Further, Defendant has failed to respond to the motion for summary judgment or to produce any evidence admissible under Federal Rule of Civil Procedure 56(e) that would demonstrate the existence of a material fact.

Viewing the evidence in a light most favorable to Defendant, there is no genuine issue of material fact. Accordingly, Plaintiff is entitled to judgment as a matter of law and Plaintiff's motion for summary judgment is **GRANTED**.

A separate order is issued herewith.

/s/ Russ Kendig

---
**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

MAY 16 2007

4

05-65634-rk    Doc 21    FILED 05/16/07    ENTERED 05/16/07 14:07:58    Page 4 of 5

## Service List

Anthony J. DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave. N.W.
Canton, OH 44702

John J. Reardon
1017 South Erie
Massillon, OH 44646

Mark H. Knevel
Knevel & Associates Co LPA
National City Bank Bldg. – Suite 519
629 Euclid Ave.
Cleveland, OH 44114